## SUPREME COURT.

TIMOTHY SULLIVAN, respondent, agt. LYME E. WARREN, appellant.

In an action for alleged false and fraudulent representations in the purchase of a suit of clothes by the defendant of the plaintiff, upon a credit given upon the alleged statement by the defendant that he was a law-partner of one M.:

*Held,* that the production on the trial of M.'s *law register* (M. being dead), to show that defendant was not a law-partner of M. at the time of the purchase, was of itself incompetent to prove the falsity of such alleged representation.

Also parol evidence that M. kept a justice's court register and day book, which were not produced, wherein it did not appear that defendant was a law-partner of M. was also incompetent to prove the falsity of the alleged representations.

Evidence by the deputy county clerk that during the time that defendant was alleged to be a law partner of M. that M. had pigeon holes in the clerk's office where his law papers were kept when filed, and that such papers did not show that defendant was a law-partner of M. was incompetent to prove such alleged false representations.

Also that G. a lawyer, had, at the time, an office in the same block with M. and had more or less business with him; that defendant was in the office with M. but that the witness never did any business with them as partners, was insufficient to show that defendant was not a partner of M.

Fraud of this description, is a crime, subjecting the party guilty of it to indictment and conviction for felony, and the party who claims the advantage of it, to aid him in the collection of a debt, must see to it, that it is established by some clear and substanial evidence.

*Fourth Department, January Term,* 1872.

*Before* MULLIN, *P. J. and* JOHNSON *and* TALCOTT, *JJ.*

THE facts in the case sufficiently appear in the opinion of the court.

SANDERS & BEACH, *for plaintiff.*

BOUTON & CHAMPLIN, *for respondent.*

*By the court,* JOHNSON, *J.*—The action was for an alleged

fraud, practiced by the defendant upon the plaintiff in the purchase of a suit of clothes.

The fraud is set out in the complaint, and consists in an alleged false and fraudulent representation by the defendant, that he was a law-partner of one John Molloy, a lawyer, residing in Syracuse, whereby he obtained said clothes on credit. Of course, the burden of proving the representation and its falsity, was upon the plaintiff. It was for him to overcome by his evidence, the legal presumption that the purchase was honestly and fairly made. The defendant denied, both in his answer and in his testimony upon the trial, ever making any such representation to the plaintiff, either when the clothes were ordered, or when they were delivered, but alleges and testifies that the clothes were pur- chased for him by Molloy, and on Molloy's credit.

The plaintiff testified on his own behalf to the representa- tions alleged, and gave no other evidence on that question. For the purpose of proving the falsity of such representation, the plaintiff was allowed to introduce Molloy's office register as evidence, for the purpose of proving who were Molloy's law-partners, during this time, and that defendant did not appear therein to have been a partner.

It was admitted by the defendant, that one Dolbear was a partner of Molloy, up to May, 1868. The clothes were delivered in July, 1868. The witness by whom the register was identified, was also allowed to testify, that Molloy kept a day book and justice's court register, and that it did not appear by either of these books that defendant was a partner of Molloy. These books were not present, and the witness did not know where they were. This testimony was objected to by the defendant as incompetent for any purpose, and especially, that it was incompetent and improper without the production of the books, or proof of their loss.

He also objected to the introduction of the office register as evidence on the question, as a book kept by Molloy,

whose entries or non-entries were no evidence, between plaintiff and defendant.

These objections were all overruled and the evidence received, and exception duly taken by defendant.

Molloy, as it appeared, died in 1869. It may be doubted, I think, whether the register was competent evidence in any aspect, or for any purpose between the plaintiff and the defendant.

But, admitting it to have been competent as a circumstance, it is clear enough that the proof of what did not appear by the other books, not produced or shown to have been lost, was wholly incompetent.

The books were the best evidence of what appear, or did not appear therein, and the admission of the parol proof was erroneous.

The plaintiff was also allowed to prove against the defendant's objection, by the deputy county clerk, that in the clerk's office, in 1868 and 1869, Molloy had pigeon-holes where his law papers were kept when filed, and that he had examined the papers there kept, and that such papers do not show that defendant was a law-partner of Molloy.

The ruling admitting this evidence was excepted to by the defendant.

The plaintiff was also allowed, under like objection and exception, to prove by R. H. Gardner, a lawyer of Syracuse, that he had an office, in the year 1868, in the same block with Molloy and had more or less business with him. That defendant was in the office with Molloy, but that he (the witness) never did any business with them as partners. This was all the evidence given, or offered by the plaintiff to prove the falsity of the representations.

If any of it was competent, it had but very slight tendency to prove, as an affirmative fact, that such partnership did not exist. All that was proved by this evidence was, that the register and the papers in the clerk's office did not show the existence of the partnership, and that Gardner did not know

such fact, if it existed. And this is especially so, in view of the facts testified to by the defendant. He testifies that he was then a student in Molloy's law office, and had not been admitted to practice as an attorney, That he was in the habit of trying causes in justice's courts, and that he had an agreement with Molloy, that they should share equally in the expense and profits of all causes tried in justice's courts, and all such causes as should be appealed to the county court and there determined, and that they were partners to this extent, in law business and practiced together as such. Being a law student at the time, of course no one would expect his name to appear as a partner either in the register, or in the law papers filed in the clerk's office, and the evidence was thus rendered idle and fallacious.

The defendant gave evidence by another witness, who had had suits in a justice's court which had been tried by Molloy for him, tending in some degree to prove the existence of the partnership as the defendant claimed it to have been.

It is quite material to the defendant, whether the plaintiff shall have the right to take his body, in execution to enforce payment for the worn out clothes, which he once furnished to cover it. No order of arrest was granted, or as far as appears, asked for, when the action was commenced, but the complaint is framed under sub. 4 of section 179 of the Code.

It contains a statement of facts showing good cause for arrest, and an execution against the person may, therefore, be issued on the judgment against the defendant, under section 288, although no order of arrest was asked for, or granted, and served.

Fraud of this description is a crime, subjecting the party guilty of it, to the extent here complained of, to indictment and conviction for a felony, and the party who claims the advantage of it, to aid him in the collection of a debt, must

Sullivan agt. Warren.

see to it, that it is established by some clear and substantial evidence.

It is not to be inferred, but must be proved, and will not be allowed to be made out trom mere conjecture, or loose inference from ambiguous and inconclusive circumstances, which are as consistent with honesty, as with falsehood. I am of the opinion, that this judgment should be reversed, both because improper testimony was admitted upon the trial and because there was no evidence sufficient to establish the fact of a false and fraudulent representation by the defendant.

Judgment reversed, new trial ordered, costs to abide event.